**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20154

Don J. Davis, Individually and NuCorp, Inc.,

Plaintiffs-Appellants,

VERSUS

Fergus Ginther, et al.,

Defendants,

Fergus Ginther and Adrianna Newsom Ginther,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1941)

October 6, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants, Don J. Davis and NuCorp, Inc. appeal the district court's award of attorney fees and costs in favor of appellees, Fergus Ginther, et al., based on the dismissal of appellants' claims pursuant to FED R. CIV. P. 12(b)(6). We AFFIRM.

This case stems from a declaratory judgment action brought by appellants to interpret an assignment of property from the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellees to the appellants on February 29, 1992. Despite an express exclusion in the assignment of "[a]ll of assignor's real and personal property in the State of Missouri, whether owned directly or indirectly," appellants asserted a claim to a breach of contract cause of action appellees maintained in Missouri. The underlying action stemmed from an alleged breach of contract by the U.S. Corps of Engineers in a 25-year lease of real property in Branson, Missouri. Despite the fact that over five years had passed from the date of the assignment, only when it appeared possible that appellees might prevail on their underlying claim did appellants assert any rights in the cause of action. Based on the express exclusion in the assignment and because the Texas four-year statute of limitations had run, the district court granted appellees' 12(b)(6) motion to dismiss and awarded them attorney fees and costs. After the motion was granted, but prior to this appeal, the appellees' underlying cause of action was denied, thus rendering appellants' declaratory judgment action moot. Since it became moot, the appellants' only remaining challenge is that the district court improperly granted the motion, and therefore abused its discretion in awarding fees and costs.

The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. *See* Holmes v. Texas A&M Univ., 145 F.3d 681, 683 (5th Cir. 1998). "This Court will affirm an order granting a 12(b)(6) motion to dismiss 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McCann v. Texas City Ref., Inc., 984 F.2d 667, 673 (5th Cir. 1993)(quoting Barrientos v. Reliance Standard Life

<u>Ins. Co.</u>, 911 F.2d 1115, 1116 (5th Cir. 1990).  After reviewing the record before us, we find no error on the part of the district court in granting the motion to dismiss, and are satisfied that no relief could be granted under any set of facts that could be proven by appellants' allegations.

Appellants contend that because the district court allegedly erred in its grant of the 12(b)(6) motion, its subsequent award of attorneys' fees was unjust.  Because we affirm the district court's grant of appellees' motion to dismiss, this argument no longer applies.  *See* <u>Axelson, Inc. v. McEvoy-Willis, Ltd.</u>, 7 F.3d 1230, 1234 (5th Cir. 1993).  Therefore, as appellants do not press any other theory for reversal of the fees and costs award, it and the rest of the judgment of the district court are

AFFIRMED.